Mathews, J.
delivered the opinion of the court. This action is brought by some of the children and forced heirs of Adonijah Harbour, deceased, late an inhabitant of the country, against his other children and forced heirs.
A copy of the will is made a part of the petition, but it is not, in any part of the petition, declared to be void, on account of any informality in its institution, as wanting the requisite number of witnesses. Although the nullity of the testament has been insisted on, by the counsel of the plaintiffs and appellants, in this court, as it does not appear to have been explicitly put in issue, by the pleadings, we cannot notice it.
After stating that they have been injured to *409 the amount of ten thousanl dollars, by the unequal and illegal disposition made of the testator's estate, the plaintiffs pray that the other heirs may be directed to collate the estate, as the law directs, and pay to them the aforesaid sum, and conclude with a prayer for general relief.
East'nDistrict.
March, 1818.
The decision of this case depends upon various rules of the civil code, by which the power of ascendants to dispose of their estates, either by donation causa mortis, or inter vivos, is regulated and defined. It is a general rule, that they may dispose of the fifth of their estate, to the prejudice of their legitimate descendants and forced heirs. This they may give to strangers, or, as an advancement or extra part, to any one or more of their heirs, provided the disposition be made expressly under the title of advancement or extra part. Civ. Code, 114, art. 25.
In the present case, the will gives to two of the testator's children, certain property therein mentioned, and directs the balance to be equally divided between the whole of his forced heirs, without declaring that the specific legacy is intended as an advancemenit or extra part to the legatees, as is required in the proviso of the law just cited, and is, perhaps, on that account void; for, according to this rule, it is not to be East'n *410 easily presumed that parents intend to give an advantage to one child over another: this cannot be implied from the instrument&emdash;it must be expressed.
It is clear, that where forced heirs are deprived by will of their legitimate portion, or less than that amount is given to them, they have an action for the complement of their legitimate part; the effect of which is, to cause a reduction of any other disposition made by the testator to the prejudice of said legitimate part. Civ. Code, 234, art. 121. This is an action, accorded to forced heirs, to recover that part of the testator's estate which he may have dispos- ed of beyond the disposable part, against those who have thus illegally acquired it.
Rules have been prescribed, by which parents are authorized to make a distribution and partition of their property, among their children, or legitimate descendants, either by designating the quantum of the parts, which they assign to each of them, or in designating the property of such particular kind, which shall compose their respective lots. Such a partition may be made by testament. A partition made by the ascendants can be objected to only in the single case of one of the sharers alledging, and offering to prove, that there has been lesion East'n *411 of more than one fifth part, to his prejudice. The child, who objects to the partition made by the ascendant, on the plea of lesion of more than one fifth to his prejudice, must advance the expenses of having the property estimated, and must ultimately support them and the costs of the suit, if his claim be not founded. Id. 252 and 254, art. 292, 203, 208, 209.
A question here arises, whether the testator by his will, intended to make a final distribution, and partition of his estate among his children. This may be done by an ascendant, in one of two ways; either by designating the quantum of his estate, which each child shall have, or by designating the particular kind of property, which shall compose the lot of each-can both these modes be used by a testator, in the distribution of his property? Testamentary dispositions are either universal, or on an universal or particular title. In the will under consideration, the testator disposes of part of his estate on an universal, and part on a particular title. He bequeathed his negroes to all his children, and points out the manner in which he wishes that they may be distributed, and partitioned among them. To one of them he devises the tract of land, on which he resided at the time of his death, with his house *412 hold furniture. To the same person and to another of his children, he bequeaths his stock of horses and cattle, to be equally divided between them. From these dispositions in the will, it does appear, that the testator intended to make a distribution and partition of all his property, among his children; distributing his negroes among all, but adding to the portion of two of them the land and property designated in the will, as making part of their lots. There can be no doubt of the power of the testator, to dispose of part of his estate, on an universal, and of the other part, on particular title, by the same instrument; and it is believed, that no legal objection can be raised to a distribution and partition, made by an ascendant of his property among his descendants, by designating the lot of each, partly in quantum and partly in land.
Considering the dispositions of the testament under discussion, as constituting a distribution and partition of the testator's estate., amongst his children, (and in this light, it seems to have been viewed by the parties themselves: for they have partaken of their father's property under the will) it cannot be objected to, by any one or more of them, unless they alledge, and offer to prove lesion, of more than one fifth to *413 their prejudice. It is true, that the plaintiffs and appellants, state the distribution to be so unequal, that they have not received one third part of the estate of their ancestor, as they are entitled to; which perhaps amounts to an allegation of lesion of one fifth to their prejudice. But, this they have not proven, by having an inventory and estimation made of the estate, and by exhibiting such an estimation, and other legal proof, necessary to support the allegations of their petition. The value of the estate does no where appear in the statement of facts, and it does not seem to have been shewn on the trial, in the district court; and by that alone can a just conclusion be made, as to the relative quantum disposed of by the testator.
It appears by the record, that the cause was submitted to a jury below, who gave a verdict for the defendants, in conformity with which a judgment was given, in which we believe there is no error, the plaintiffs and appellants not having supported the allegations in the petition by sufficient proof.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.
Livingston for the plaintiffs, Duncan for the defendants.